[No. 3427.]

PACE ET AL. v. CLINE ET AL.

1. TRIAL—*General Finding.* A general finding upon the issues raised by the complaint and answer may sustain a decree in favor of plaintiff, even though there is no finding upon the issues presented by a cross-complaint.

2. APPEALS AND WRITS OF ERROR—*Defective Findings—Objections Not Taken Below.* Defective findings are waived unless at the time of the trial attention is called to the defect, and a more full and complete finding requested.

3. SPECIFIC PERFORMANCE—*Decree—Directions as to Payment.* Bill for specific performance by vendee against vendor and another who had taken the title with notice. A decree in favor of the complainant made no provision as to whom payment should be made. The decree was modified so as to allow payment into court, if differences should arise between the two defendants, as to the disposition of the purchase money, and as so modified was affirmed.

*Appeal from Delta District Court.* HON. SPRIGG SHACKLEFORD, Judge.

Mr. MERLE D. VINCENT, Messrs. GOUDY & TWITCHELL, for appellants.

Mr. MILTON R. WELCH, Mr. D. C. BEAMAN, for appellees.

CUNNINGHAM, Judge.

This action was brought in the district court of Delta county by appellees, to enforce specific per-

formance of an option contract to purchase a certain lot in the town of Paonia, and to cancel a deed made by Pace to Curtis. The option contract was signed by one Albert B. Campbell, as agent for Pace, who, at the time, owned the lot, subject to certain incumbrances, as it is said. Pace, at the time, was in the state of Washington. A telegram and a letter were forwarded to him, advising him of the option contract given by Campbell to plaintiffs. After some correspondence Pace returned to Colorado, and sold the lot, together with other real estate adjoining it, to his co-defendant, Curtis. Campbell's authority to bind Pace by the option was questioned by the latter.

The defendant Curtis answered separately, and filed a cross-complaint wherein she alleged that Cline & Hufty, who were engaged in the real estate business, had been employed by her to purchase the lot in question of Pace for her. The case was tried without a jury. General findings were made by the court in favor of plaintiffs, and certain special findings were also made, namely, that Pace had ratified the agreement made on his behalf by Campbell with the plaintiffs; that tender had been made by the plaintiffs, under the option contract or agreement, of the balance due; that the option contract or agreement between Campbell, as Pace's agent, and the plaintiffs, had been made a matter of record before the transfer of the property by Pace to Curtis; that Curtis had full knowledge of the option given by Pace to plaintiffs, and was charged with notice thereof at the time she entered into the contract to buy the property from Pace, and that all her rights in the premises are subject to the rights of the plaintiffs.

The court made no special finding or direct reference to the cross-complaint of the appellant Curtis. We have carefully examined the evidence admitted on the trial, and are of opinion that it is ample to support the findings and judgment.

Counsel for appellant Curtis, however, insists that the failure of the trial court to make any finding of fact relative to defendant Curtis's rights as set out in her cross-complaint constitutes reversible error. The rule on this subject as applicable to the cross-complaint is in nowise different from the general rule applicable to findings of fact upon the issues raised by the complaint and the answer proper. A general finding is sufficient to support a judgment or decree. 38 Cyc., 1976-7. Especially is it true that a general finding will suffice in an equity case, where, as in this case, no complaint was made on the trial that the findings of the court were incomplete.

"It is claimed, however, that the findings of the district court are incomplete. If this be true, it is a matter which should have been called to the attention of the court at the trial. The code provides how a finding may be required upon a matter in controversy in an equity case; and if appellants wanted more specific findings, they should have availed themselves of the statutory method."

*Larimer & Weld Ir. Co. v. Wyatt,* 23 Colo., 487; 48 Pac., 531; 8 Enc. Pl. Pr., 933.

It is further contended by appellants that the trial court erred in directing plaintiffs, appellees, upon the tender to them of deeds by the appellants, to pay over the balance of the purchase money (provided for in their option contract) for said lots, without specifying to which one of the appellants the

same should be paid.   We cannot assume that any difference will arise between the appellants as to which one the money should go to, or how it should be apportioned between them.   If this difference should arise, plaintiffs may pay the money into court, there to be held until the respective rights of the appellants to the fund shall be determined in a proper proceeding, and the trial court is directed to modify its decree accordingly, should the necessity for doing so arise.   But this modification of the decree, should the same be made, shall in no manner relieve the appellants from the duty of executing and delivering the deeds, as by the terms of the decree of the trial court, they are directed to do.

The judgment of the trial court is sustained.

*Affirmed.*

Decided May 13, A. D. 1912.   Rehearing denied July 8, A. D. 1912.